# CIRCUIT COURT OF THE CITY OF MARTINSVILLE

Ella M. Stallings

v.

Leeds, Inc.,
Mark Black,
E. David Cook,
Dianne G. Cook,
Toni W. Ingram,
and Lisa Vernon

January 18, 1996

Case No. CL95-171

BY JUDGE CHARLES M. STONE

This letter will summarize my rulings made at the hearing on January 17, 1996, and give my rulings on those issues I took under advisement. The demurrer of Dianne Cook to all counts of the amended motion for judgment is sustained, and the case is dismissed with prejudice as to her. The plaintiff's demand for attorney fees is stricken as to all counts of the amended motion for judgment.

Count I, in the original motion for judgment, seems to attempt to make out a wrongful discharge claim under *Lockhart v. Commonwealth Education Systems Corp.*, 247 Va. 98 (1994). Again, the amended motion for judgment does not allege either discrimination by race or by sex. Nor does it point this Court to any statute stating that the public policy of the Commonwealth safeguards individuals from the acts alleged in the amended motion for judgment. See *Lawrence Chrysler Plymouth Corp. v. Brooks*, _____ Va. _____ (1996) S. Ct. Va. 1/12/96, Rec. # 950568. It is my feeling that plaintiff is attempting to expand the sexual discrimination exception to Virginia's employment at will doctrine, as held in *Lockhart*, to encompass sexual harassment. Allegations of sexual harassment do not

necessarily equate to sexual discrimination. Indeed, in some instances, the individual who claims sexual harassment may be treated more favorably than others similarly situated. Had the legislature intended to include sexual harassment under § 2.1-715(1), it would have done so. It is quite reasonable that the legislature intended to avoid becoming mired in what is and what is not sexual harassment. This possibility is enhanced by the language in § 65.2-301 which, in a workers' compensation context, specifically states that "Nothing in this title shall create a remedy for sexual harassment nor shall this title bar any action at law, that might otherwise exist, by an employee who is sexually harassed." The exceptions to the employment at will doctrine have in the past been made on a case-by-case basis by the Supreme Court. I see no compelling reason to expand the *Lockhart* doctrine to include claims of sexual harassment. The demurrer of all defendants to Count I of the amended motion for judgment is sustained, and this count is dismissed with prejudice as to all defendants.

The demurrers of the defendants to Count II of the amended motion for judgment are denied.

Count III of the amended motion for judgment is the defamation claim and does not allege the time, place, or to whom the words were published or uttered. Thus, the demurrers of the defendants are sustained, and Count III is dismissed with prejudice as to all defendants.

Count IV of the amended motion for judgment is, as stated by plaintiff's counsel, basically a rehash of Count I. The defendants' demurrers to Count IV are sustained, and Count IV is dismissed with prejudice as to all defendants.

Count V is an allegation of assault and battery against only E. David Cook. His demurrer to the punitive damage claim under this count is dealt with later in this letter.

With agreement of all counsel, the plaintiff's ad damnum clause is split to reflect a demand of $1,150,000 compensatory damages and $350,000 punitive damages. § 8.01-38.1.

Each party is ordered to respond to the other's option to produce within ten business days of January 17, 1996, as discussed at the hearing. Any supplementary answers required by the later receipt of documents shall be forwarded on to opposing counsel within three business days of receipt. Each party shall respond to the other's interrogatories within 21 days as discussed at the hearing.

Defendant Black's objection to the production of his personal tax return is sustained with leave afforded the plaintiff to again seek its production upon a more detailed showing of relevance.

Finally, the court agreed to rule on whether the language contained in Counts II and V of the amended motion for judgment is sufficient in each count to entitle the plaintiff to demand punitive damages. In Count II the plaintiff uses the language "maliciously, with intent to injure . . . ." and in Count V she uses the language "intentional, willful, and wrongful acts . . . ." Legal malice is sufficient for an award of compensatory damages, but actual malice must be shown to recover punitive damages. *Oxenham v. Johnson*, 241 Va. 281 (1991). However, in addition to malicious conduct, willful and wanton conduct which evinces a conscious disregard of the rights of others is sufficient to warrant punitive damages. *Infant C. v. Boy Scouts of Am.*, 239 Va. 572 (1990). I find that the language in both Counts II and V is sufficient to withstand the demurrer.